HENRY J. GOULDING, APPELLANT.

*In Re* JOHN U. HUBBARD, Insolvent.

Kennebec.    Opinion August 11, 1893.

*Insolvency.    Appeal.    R. S., c. 70, § 12.*

No appeal lies from the court of insolvency except such as is provided by the statute. R. S., c. 70, § 12.

The attempted appeal in this case is not within the statute.

ON EXCEPTIONS.

It appeared from the bill of exceptions that this case originated in the Insolvent Court of Kennebec county, on petition of creditors of John U. Hubbard in involuntary insolvency; and an appeal was taken by the appellant Goulding, who was an attaching creditor, from the decision of said court adjudging said Hubbard an insolvent debtor.

The appeal was heard before the presiding justice in the court below, who rendered a decision affirming the decision of the judge of the Court of Insolvency, and dismissed the appeal, to which ruling the plaintiff excepted.

It was agreed that all the debts claimed by the petitioning creditors, and set out in the schedule accompanying the petition, together with the debt claimed by the appellant Goulding, were justly due, and were contracted and payable in Maine, and contracted while Hubbard and all the parties thereto were residents of Maine; but said Hubbard has since removed from this State, and that at the date of said petition, and for more than six months prior to the filing thereof, he was and still is a resident of East Douglass, Massachusetts; and at the date of said removal, and of the petition in insolvency, said Hubbard was the owner of real estate in Maine, within the county of Kennebec.

It was further agreed for the purpose of the exceptions only, and without prejudice, that the facts set out in the first and second reasons of appeal are to be taken as true; and that the attachment of said Goulding, was made less than four months prior to the commencement of the proceedings of insolvency.

The reasons of appeal referred to are as follows:

"First, that he is a creditor of said John U. Hubbard by reason

of a contract made in this State between him and said John U. Hubbard, namely, that he is the owner of a promissory note signed by said John U. Hubbard and others, for the sum of $1500 and interest, and dated at Oakland, Maine, February 3, 1888. And that said note has been in no part paid and is now due to said Goulding.

"Second, that said Goulding brought a suit on his said note against said John U. Hubbard on the 20th day of August, 1891 ; upon which suit the real estate of said John U. Hubbard in this State is attached, and that said suit is now pending."

The appellant contended that the statute, c. 109, of 1891, giving the court of insolvency jurisdiction over the property in this State of non-resident debtors is unconstitutional, being in violation of the provisions of the constitution of the United States that "Congress shall have power to establish uniform laws on the subject of bankruptcies throughout the United States," and "that no state shall enter into . . . any law impairing the obligation of contracts."

He also contended further that the court of insolvency had no jurisdiction in the matter of the insolvency of said Hubbard who was a non-resident.

The arguments of counsel upon these questions are omitted, becoming immaterial by reason of the decision of the court which disposed of the case upon another ground.

*W. T. Haines*, for appellant.

*Baker, Baker and Cornish, H. L. Hunton*, with them, for petitioning creditors.

WALTON, J.    This case is before the law court on exceptions to the dismissal of an attempted appeal from the court of insolvency for the county of Kennebec.    We think the dismissal was proper.

Our insolvent law provides that no appeals shall lie from the insolvency courts except such as are therein provided for.    R. S., c. 70, § 12.    The attempted appeal in this case is not therein provided for.                    *Exceptions overruled.*

PETERS, C. J., LIBBEY, FOSTER and HASKELL, JJ., concurred.